

# LEWIS KING

LEWIS, KING, KRIEG & WALDROP, P.C.
Attorneys at Law
One Centre Square, Fifth Floor
620 Market Street
Post Office Box 2425
Knoxville, TN 37901
T: (865) 546-4646 F: (865) 523-6529

November 4, 2011

**VIA E-MAIL**

Mr. Frank J. Tanzola
Senior Vice President & Chief Legal Officer
International Fidelity Insurance Company
One Newark Center, 20th floor
Newark, NJ 07102

Gary R. Bierhalter, Esq.
Bierhalter & Associates
11827 Thoreau Street
Montgomery, TX 77356

    Re:    Dalewood (Albany, GA)

Dear Mr. Tanzola and Mr. Bierhalter:

    Since our recent telephone conference, I have reviewed the documents that Gary sent to me and also some documents that have been provided by STEP. It is my understanding from a review of the documents that I have been provided that STEP was 95 percent complete in May 2009 and 98 percent complete in August 2009. It is also my understanding that the owner had to sign multiple HUD Requisition for Disbursement of Funds forms. I am attaching a copy of one of these forms for your convenience. You will note in the highlighted section of the form that the owner had to certify "that all prior work, labor and materials to be paid for under this request are satisfactory and are in accordance with the contract drawings." It is inexplicable that the owner signed these forms and has now asserted the type claims we discussed in our telephone conference.

    I have also been advised that on February 19, 2009 there was a HUD inspection report stating that STEP work was at 95 percent completion. It is also my understanding that this report states that the architect is not responsive to the project. It is also my understanding that the project drawings were not coordinated well and that this created multiple issues during construction. It is my further understanding that the certificate of occupancy for the interior of the units was given by the City of Albany on November 13, 2010. The warranty for the unit interiors should have started on or before this date.

    On January 21, 2011, STEP received a letter from the owner stating that STEP was in default on the contract. This letter, dated January 12, 2011, states that on January 7, 2011, STEP was given a fourteen (14) day window to complete the construction. This time frame does not appear reasonable if the owner is correct about the construction deficiencies that are being claimed.

    The owner "default" letter also references a loss of income for two (2) years. The letter does not, however, reference any of the project delays that occurred because of problems that arose due to the interference between design features and the Colonial pipeline easement and other similar problems. As Gary advised in our telephone conference recently, the owner has agreed not to proceed with any liquidated damages claims. It is apparent from this agreement that these claims would have had no merit if pursued by the owner.

**EXHIBIT C**

www.lewisking.com      |Knoxville    |Nashville    |Sevierville

Currently, it appears that the owner's complaints, to the extent legitimate, can be placed in four (4) categories:

1. Completion work.
2. Warranty work.
3. Maintenance, and
4. Deterioration.

STEP should only be responsible for completion and warranty work. On behalf of my client, Basil Skelton, one of the indemnitors on the project indemnity agreement with International Fidelity Insurance Company, I am hereby requesting that you meet with Basil Skelton and Jeff Wood, and if possible, also Andy Wood, who managed this project for two (2) years, and discuss what areas of the owner's complaints belong in one of the above four categories. As I am sure you are aware, the surety in this type situation has a duty to act in good faith and deal fairly with its principal and its indemnitors. This meeting needs to occur promptly as part of this obligation.

It is the firm position of STEP and one or more of the indemnitors that STEP was not in default, given the circumstances of this project. It is important that the surety consider this position thoroughly and carefully.

If the above meeting and discussion cannot be held soon, it appears likely that STEP and the indemnitors will need to take other action.

Sincerely yours,

LEWIS, KING, KRIEG & WALDROP, P.C.

R. Loy Waldrop, Jr./lrd
lwaldrop@lewisking.com

RLW/lrd
Enclosure
cc: Basil Skelton (via e-mail)
Jeff Wood (via e-mail)
Andy Wood (via e-mail)
Jimmy D. Holbrook, Jr., Esq. (via e-mail)
Alex Kaplan, Esq. (via e-mail)
Doc. #24