# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| INTERNATIONAL FIDELITY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | Case No. 3:12-CV-37 |
| Plaintiff, | ) | |
| v. | ) | Evidentiary Hearing Requested |
| | ) | |
| SOLUTIONS TO EVERY PROBLEM, INC., | ) | |
| BASIL A. SKELTON, JEFFREY L. WOOD, | ) | |
| IDA SALISA WOOD, NICKAJACK | ) | |
| PROPERTIES, LLC, and | ) | |
| COOL SPORTS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## INTERNATIONAL FIDELITY INSURANCE COMPANY'S
## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff International Fidelity Insurance Company ("International Fidelity"), by and through counsel, respectfully moves this Honorable Court to enter a preliminary injunction compelling Defendants Solutions to Every Problem, Inc. ("STEP"), Basil A. Skelton (individually and in his capacity as the trustee of Basil A. Skelton's Living Trust), Jeffrey L. Wood, Ida Salisa Wood, Nickajack Properties, LLC, and Cool Sports, LLC (Mr. Skelton, Mr. Wood, Ms. Wood, Nickajack Properties, LLC, and Cool Sports, LLC collectively, the "Indemnitors") to deposit collateral with International Fidelity totaling $427,556.46 as they expressly agreed to do under the Agreement of Indemnity attached hereto as **Exhibit 1** (the "Indemnity Agreement"). As grounds for this Motion for Preliminary Injunction, International Fidelity will demonstrate the following:

1. STEP and the Indemnitors executed the Indemnity Agreement as an inducement of International Fidelity's issuance of surety bonds on behalf of STEP, and International Fidelity

subsequently issued a Performance-Payment Bond (the "Bond") on behalf of STEP in reliance upon the Indemnity Agreement.

2. Among other things, the Indemnity Agreement jointly and severally obligates STEP and the Indemnitors "to exonerate, indemnify, and keep indemnified [International Fidelity] from and against any and all liability for losses and/or expenses of whatsoever kind or nature" that International Fidelity may sustain by reason of issuing the Bond on behalf of STEP.

3. More importantly for purposes of International Fidelity's Motion, the Indemnity Agreement also jointly and severally obligates STEP and the Indemnitors to "deposit with [International Fidelity] on demand an amount of money or other collateral security acceptable to [International Fidelity], **as soon as liability exists or is asserted against [International Fidelity], whether or not [International Fidelity] shall have made any payment therefor**." (Emphasis added). Once liability is asserted against International Fidelity, the amount of collateral to be deposited under the Indemnity Agreement "shall be equal to the amount of the reserve set by [International Fidelity]." The Indemnity Agreement also expressly grants International Fidelity "the right to use the deposit, or any portion thereof, in payment or settlement of any liability, loss, or expense for which [STEP] and Indemnitors would be obligated to indemnify [International Fidelity] under the provisions of this Agreement."

4. To date, liability has been asserted against International Fidelity under the Bond, and International Fidelity has established a total reserve in the amount of $427,556.46 relative to the liability that has been asserted against it under the Bond. However, despite International Fidelity's demand, STEP and the Indemnitors have refused to deposit **any** collateral with International Fidelity.

5.      Accordingly, International Fidelity's Complaint for Indemnity and Equitable

Relief seeks, *inter alia*, specific performance of STEP's and the Indemnitors' contractual duty to

deposit collateral with International Fidelity.   International Fidelity is entitled to specific

performance of the contractual obligation to deposit collateral under Tennessee law, which

governs this diversity action, because International Fidelity does not possesses an adequate

remedy at law for STEP's and/or the Indemnitors' breach of their duty to collateralize

International Fidelity.

6.      International Fidelity is also entitled to the entry of a preliminary injunction

compelling STEP and/or the Indemnitors to perform their contractual duty to deposit collateral

under the four-part test utilized in the Sixth Circuit for the following reasons:

- First, a substantial likelihood exists that International Fidelity will succeed on the merits of its claims for specific performance under Tennessee law for the reasons set forth above.

- Second, International Fidelity would continue to suffer irreparable harm unless STEP and the Indemnitors are compelled to deposit collateral with International Fidelity because International Fidelity would continue to be deprived of its bargained-for right to receive and hold collateral pending the resolution of International Fidelity's potential liability.

- Third, the balance of the equities weighs in International Fidelity's favor because it is merely seeking to enforce the clear and unambiguous terms of the Indemnity Agreement to which STEP and the Indemnitors voluntarily agreed.  To the extent the deposit of collateral may cause STEP and/or the Indemnitors to suffer financial hardship, that is exactly the risk they voluntarily assumed when they executed the Indemnity Agreement.

- Finally, the issuance of a preliminary injunction against STEP and the Indemnitors will further Tennessee's public interest of enforcing the plain and unambiguous terms of indemnity agreements, as well as the public interest of encouraging confidence in the surety industry.

7.      Therefore, International Fidelity is entitled to the entry of a preliminary injunction

compelling STEP and the Indemnitors to deposit collateral with International Fidelity in the

amount of $427,556.46, which equals the amount of the International Fidelity's total reserve in

relation to the liability that has been asserted against it.

In support of this Motion, International Fidelity relies upon a Memorandum of Law and an Affidavit of Frank Tanzola (and Exhibits thereto), both of which are being filed contemporaneously herewith. International Fidelity also requests that an evidentiary hearing be scheduled as soon as possible in relation to this Motion for Preliminary Injunction.

Respectfully submitted,

/s/ Jarrod W. Stone

Jeffrey S. Price       BPR No. 019550
Jarrod W. Stone       BPR No. 023915
MANIER & HEROD
One Nashville Place, Suite 2200
150 Fourth Avenue North
Nashville, Tennessee 37219
Phone: (615) 244-0030
Fax: (615) 242-4203
jprice@manierherod.com
jstone@manierherod.com
Attorneys for International Fidelity Insurance
Company

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of April, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ Jarrod W. Stone