IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| INTERNATIONAL FIDELITY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No.: Case No. 3:12-CV-37 JURY DEMAND |
| SOLUTIONS TO EVERY PROBLEM, INC., BASIL A. SKELTON, JEFFREY L. WOOD, IDA SALISA WOOD, NICKAJACK PROPERTIES, LLC, and COOL SPORTS, LLC, ) ) ) ) ) ) ) | |
| Defendants. ) | |

## AFFIDAVIT OF JEFFREY L. WOOD

STATE OF TENNESSEE  )
                    ) S/S
COUNTY OF KNOX      )

Comes now the Affiant, Jeffrey L. Wood, under oath, and would state as follows:

1. I am at least 18 years of age and am competent to testify in this matter, and further state that I have personal knowledge of the facts relevant to this matter.

2. I am the President of Solutions to Every Problem, Inc. ("STEP"), a general contractor, and I am an individual Defendant in this matter. In October 2007, STEP entered into a contract to build a low-income senior citizens housing community. A copy of this contract is attached to the Plaintiff's complaint as Exhibit 3. This was a United States Department of Housing and Urban Development ("HUD") project and the project owner was Dalewood Estates Senior Housing, Inc. ("Dalewood"). HUD required that the project contractor provide

performance and payment bonds. International Fidelity and Insurance Company ("IFIC") agreed to provide these bonds for the Dalewood project.

3. I, along with several other individuals and companies, signed an Indemnity Agreement with IFIC related to the provision of the performance and payment bonds on the Dalewood construction project.

4. STEP incurred delays and extra costs on the project as a result of problems with the project plans. STEP requested compensatory change orders that were not agreed to by the Dalewood project owner. In 2009, STEP was over 95% complete. There were many design changes that had to be implemented. A Certificate of Occupancy for the interior of the units was issued by the City of Albany in November 2010.

5. After the subject project was almost complete in January 2011, the Dalewood project owner terminated STEP's involvement in the project while STEP was completing a November 2010 final punch list provided by the project architect. The circumstances leading to these events are described in paragraphs 13-26 of the STEP Complaint filed in the Fulton County, Georgia Superior Court case which is attached as Exhibit A to the Defendants' Answer in this case. The Dalewood project owner contacted STEP's bonding company, IFIC, after refusing to allow STEP to complete the project punch list.

6. In response to inquiries from IFIC, I provided information on the Dalewood project and subcontractor payment claims. I was subsequently contacted by a Gary Bierhalter who advised me that he was a consultant to IFIC and that he was investigating the Dalewood project for IFIC. I cooperated with Mr. Bierhalter and provided him with information and documents concerning the project. I requested that Mr. Bierhalter meet with me, the owner representatives, HUD representatives, and the architect. No such meeting ever occurred. I am

not aware of any communication that Mr. Bierhalter had with HUD during his investigation or any effort by Mr. Bierhalter to obtain HUD records on the Dalewood project. HUD made periodic inspections of the project. HUD had numerous field reports and other records that confirmed project delays caused by the project architect. I have recently reviewed HUD records that I understand were obtained by STEP's Georgia attorneys from HUD.

7. After becoming involved in the STEP dispute with the Dalewood project owner, IFIC acceded to the owner's demands while ignoring obligations to STEP, the principal on the bond.

8. The STEP contract with Dalewood uses the American Institute of Architects A201-1997 General Conditions. The contract general conditions, at Section 14.2.2 requires that the project architect certify that sufficient cause exists to justify termination of the contractor before the owner can terminate employment of the contractor. The Dalewood project architect never provided any certification that sufficient cause existed to justify the termination of STEP's employment on the Dalewood project. IFIC ignored this lack of architect certification.

9. Dalewood refused to pay STEP the contract balance of approximately $193,000. The lack of these funds hindered STEP's ability to pay project Subcontractors. Three of these subcontractors filed payment claim suits against STEP and IFIC in Georgia. STEP, at its expense, retained an Albany, Georgia attorney, Alex Kaplan, to defend both STEP and IFIC in these suits. IFIC insisted that $91,556.46 be paid to Hatcher Tractor Company ("Hatcher"), with whom STEP had a valid and enforceable pay when paid clause in the STEP subcontract that prevented this $91,556.46 from being owed to Hatcher Tractor Company at that time as the Dalewood owner had not paid STEP for all of Hatcher's work.

10. IFIC refused to require the owner to provide STEP with a reasonable opportunity to cure any alleged deficiencies or defects.

11. IFIC ignored STEP and its resources as viable options for the completion of any necessary corrective work.

12. IFIC ignored STEP's reasonable legal defenses to the Dalewood project owner as set forth in STEP's case pending in the Superior Court of Fulton County in Georgia.

13. IFIC actions have resulted in severe and irreparable harm to STEP and the Indemnitors on the bond, including myself.

14. STEP initiated a lawsuit addressing, among other things, IFIC's bad faith and improper activities in the Superior Court of Fulton County in Georgia. IFIC has filed an answer and counterclaim against STEP in that suit (Exhibit B to Defendants' Answer in this case). That Georgia lawsuit was pending prior to IFIC's Federal Court lawsuit being filed in Tennessee.

_____
JEFFREY L. WOOD

Sworn to and subscribed
before me this  7th  day
of May, 2012.

_Mary A. Arnold_
Notary Public

My Commission Expires: 7/8/2014

Doc. #157

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of May, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

      /s/ R. Loy Waldrop, Jr.
R. Loy Waldrop, Jr. (BPR #000894)