IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

INTERNATIONAL FIDELITY      )
INSURANCE COMPANY,          )
                            )
    Plaintiff,              )
                            )
v.                          )   No.: Case No. 3:12-CV-37
                            )   JURY DEMAND
SOLUTIONS TO EVERY PROBLEM, )
INC., BASIL A. SKELTON, JEFFREY L. )
WOOD, IDA SALISA WOOD,      )
NICKAJACK PROPERTIES, LLC, and )
COOL SPORTS, LLC,           )
                            )
    Defendants.             )

## AFFIDAVIT OF LYNETTE R. DOUCETT

STATE OF TENNESSEE   )
                     ) S/S
COUNTY OF KNOX       )

Comes the Affiant, Lynette R. Doucett, after being duly sworn according to law, and states as follows:

1. I am the Legal Secretary for attorney R. Loy Waldrop, Jr. I have been working with Mr. Waldrop for 22 years.

2. The matters of fact set forth herein are based upon my personal knowledge. I have reached the age of majority, and I am otherwise competent to testify.

3. At Mr. Waldrop's request, I signed his name to a letter addressed to Frank J. Tanzola and Gary R. Bierhalter dated November 4, 2011 and e-mailed this letter to the addressees. The address used for the e-mail communication of this e-mail to Frank J. Tanzola

was FTanzola@IFIC.com. The address used for the transmission of this letter to Gary R. Bierhalter was gbierhalter@bierhalterconsulting.com

4. I personally transmitted the attached letter to Mr. Tanzola and Mr. Bierhalter at the above e-mail addresses at 3:40 p.m. on November 4, 2011. I did not receive any notification that this e-mail transmission was to an incorrect e-mail address or that the transmission could not be delivered to the recipient. The e-mail addresses used for this transmission to Mr. Tanzola and to Mr. Bierhalter were the same e-mail addresses used in prior e-mail communications to these persons. No response was ever received from either Mr. Tanzola or Mr. Bierhalter to the attached November 4, 2011 letter.

_____
LYNETTE R. DOUCETT

Sworn to and subscribed
before me this __8__ day
of May, 2012.

_____
Notary Public

My Commission Expires: June 30, 2013

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 8th day of May, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                      /s/ R. Loy Waldrop, Jr.
                                      R. Loy Waldrop, Jr. (BPR #000894

Doc. #159

3
Case 3:12-cv-00037   Document 27   Filed 05/08/12   Page 3 of 5   PageID #: 794



LEWIS, KING, KRIEG & WALDROP, P.C.
Attorneys at Law
One Centre Square, Fifth Floor
620 Market Street
Post Office Box 2425
Knoxville, TN 37901
T: (865) 546-4646 F: (865) 523-6529

November 4, 2011

**VIA E-MAIL**

Mr. Frank J. Tanzola
Senior Vice President & Chief Legal Officer
International Fidelity Insurance Company
One Newark Center, 20th floor
Newark, NJ 07102

Gary R. Bierhalter, Esq.
Bierhalter & Associates
11827 Thoreau Street
Montgomery, TX 77356

Re: Dalewood (Albany, GA)

Dear Mr. Tanzola and Mr. Bierhalter:

Since our recent telephone conference, I have reviewed the documents that Gary sent to me and also some documents that have been provided by STEP. It is my understanding from a review of the documents that I have been provided that STEP was 95 percent complete in May 2009 and 98 percent complete in August 2009. It is also my understanding that the owner had to sign multiple HUD Requisition for Disbursement of Funds forms. I am attaching a copy of one of these forms for your convenience. You will note in the highlighted section of the form that the owner had to certify "that all prior work, labor and materials to be paid for under this request are satisfactory and are in accordance with the contract drawings." It is inexplicable that the owner signed these forms and has now asserted the type claims we discussed in our telephone conference.

I have also been advised that on February 19, 2009 there was a HUD inspection report stating that STEP work was at 95 percent completion. It is also my understanding that this report states that the architect is not responsive to the project. It is also my understanding that the project drawings were not coordinated well and that this created multiple issues during construction. It is my further understanding that the certificate of occupancy for the interior of the units was given by the City of Albany on November 13, 2010. The warranty for the unit interiors should have started on or before this date.

On January 21, 2011, STEP received a letter from the owner stating that STEP was in default on the contract. This letter, dated January 12, 2011, states that on January 7, 2011, STEP was given a fourteen (14) day window to complete the construction. This time frame does not appear reasonable if the owner is correct about the construction deficiencies that are being claimed.

The owner "default" letter also references a loss of income for two (2) years. The letter does not, however, reference any of the project delays that occurred because of problems that arose due to the interference between design features and the Colonial pipeline easement and other similar problems. As Gary advised in our telephone conference recently, the owner has agreed not to proceed with any liquidated damages claims. It is apparent from this agreement that these claims would have had no merit if pursued by the owner.

Mr. Frank J. Tanzola
Gary R. Bierhalter, Esq.
November 4, 2011
Page 2


Currently, it appears that the owner's complaints, to the extent legitimate, can be placed in four (4) categories:

1. Completion work.
2. Warranty work.
3. Maintenance, and
4. Deterioration.

STEP should only be responsible for completion and warranty work. On behalf of my client, Basil Skelton, one of the indemnitors on the project indemnity agreement with International Fidelity Insurance Company, I am hereby requesting that you meet with Basil Skelton and Jeff Wood, and if possible, also Andy Wood, who managed this project for two (2) years, and discuss what areas of the owner's complaints belong in one of the above four categories. As I am sure you are aware, the surety in this type situation has a duty to act in good faith and deal fairly with its principal and its indemnitors. This meeting needs to occur promptly as part of this obligation.

It is the firm position of STEP and one or more of the indemnitors that STEP was not in default, given the circumstances of this project. It is important that the surety consider this position thoroughly and carefully.

If the above meeting and discussion cannot be held soon, it appears likely that STEP and the indemnitors will need to take other action.

Sincerely yours,

LEWIS, KING, KRIEG & WALDROP, P.C.

R. Loy Waldrop, Jr./lrd
lwaldrop@lewisking.com

RLW/lrd
Enclosure
cc: Basil Skelton (via e-mail)
    Jeff Wood (via e-mail)
    Andy Wood (via e-mail)
    Jimmy D. Holbrook, Jr., Esq. (via e-mail)
    Alex Kaplan, Esq. (via e-mail)
Doc. #24