IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| INTERNATIONAL FIDELITY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOLUTIONS TO EVERY PROBLEM, )<br>INC., BASIL A. SKELTON, JEFFREY L. )<br>WOOD, IDA SALISA WOOD, )<br>NICKAJACK PROPERTIES, LLC, and )<br>COOL SPORTS, LLC, )<br>)<br>Defendants. ) | No.: Case No. 3:12-CV-37<br>JURY DEMAND |

## AFFIDAVIT OF R. LOY WALDROP, JR.

STATE OF TENNESSEE  )
                     ) S/S
COUNTY OF KNOX       )

Comes the Affiant, R. Loy Waldrop, Jr., after being duly sworn according to law, and states as follows:

1. I am an attorney licensed to practice law in the state of Tennessee and I have been practicing continuously in this state, in good standing, since 1973. My Tennessee Bar Number is 000894. The matters of fact set forth herein are based upon my personal knowledge. I have reached the age of majority, and I am otherwise competent to testify.

2. I was initially retained in this matter on behalf of Basil Skelton on October 24, 2011. I participated in a conference call that included Gary Bierhalter and Frank Tanzola on October 27, 2011. In that conference call, I was requested to confirm my representation of Basil

Skelton by e-mail to Frank Tanzola and Gary Bierhalter which I did that date by using their e-mail addresses provided to me that date and used by my secretary to transmit the November 4, 2011 letter referenced below.

3. The letter addressed to Frank J. Tanzola and Gary R. Bierhalter, dated November 4, 2011 and attached to this Affidavit as **Exhibit 1,** was signed by my secretary, Lynette R. Doucett, with my request that she transmit the letter by e-mail that date to Frank Tanzola and Gary Bierhalter. I was not in the office on that date, and I wanted the letter transmitted expeditiously to the recipients because I was aware that Mr. Bierhalter was investigating the Dalewood project in Albany, Georgia on behalf of International Fidelity Insurance Company.

4. I never received a response to this letter from either Mr. Tanzola or Mr. Bierhalter.

R. LOY WALDROP, JR.

Sworn to and subscribed
before me this  8th  day
of May, 2012.

Martha Rose
Notary Public

My Commission Expires: June 30, 2013

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 8th day of May, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                /s/ R. Loy Waldrop, Jr.
                                                R. Loy Waldrop, Jr. (BPR #000894

Doc. #160



LEWIS, KING, KRIEG & WALDROP, P.C.
Attorneys at Law
One Centre Square, Fifth Floor
620 Market Street
Post Office Box 2425
Knoxville, TN 37901
T: (865) 546-4646  F: (865) 523-6529

November 4, 2011

<u>VIA E-MAIL</u>

Mr. Frank J. Tanzola  
Senior Vice President & Chief Legal Officer  
International Fidelity Insurance Company  
One Newark Center, 20th floor  
Newark, NJ  07102

Gary R. Bierhalter, Esq.  
Bierhalter & Associates  
11827 Thoreau Street  
Montgomery, TX  77356

    Re:    Dalewood (Albany, GA)

Dear Mr. Tanzola and Mr. Bierhalter:

    Since our recent telephone conference, I have reviewed the documents that Gary sent to me and also some documents that have been provided by STEP. It is my understanding from a review of the documents that I have been provided that STEP was 95 percent complete in May 2009 and 98 percent complete in August 2009. It is also my understanding that the owner had to sign multiple HUD Requisition for Disbursement of Funds forms. I am attaching a copy of one of these forms for your convenience. You will note in the highlighted section of the form that the owner had to certify "that all prior work, labor and materials to be paid for under this request are satisfactory and are in accordance with the contract drawings." It is inexplicable that the owner signed these forms and has now asserted the type claims we discussed in our telephone conference.

    I have also been advised that on February 19, 2009 there was a HUD inspection report stating that STEP work was at 95 percent completion. It is also my understanding that this report states that the architect is not responsive to the project. It is also my understanding that the project drawings were not coordinated well and that this created multiple issues during construction. It is my further understanding that the certificate of occupancy for the interior of the units was given by the City of Albany on November 13, 2010. The warranty for the unit interiors should have started on or before this date.

    On January 21, 2011, STEP received a letter from the owner stating that STEP was in default on the contract. This letter, dated January 12, 2011, states that on January 7, 2011, STEP was given a fourteen (14) day window to complete the construction. This time frame does not appear reasonable if the owner is correct about the construction deficiencies that are being claimed.

    The owner "default" letter also references a loss of income for two (2) years. The letter does not, however, reference any of the project delays that occurred because of problems that arose due to the interference between design features and the Colonial pipeline easement and other similar problems. As Gary advised in our telephone conference recently, the owner has agreed not to proceed with any liquidated damages claims. It is apparent from this agreement that these claims would have had no merit if pursued by the owner.

www.lewisking.com      |Knoxville  |Nashville  |Sevierville
Case 3:12-cv-00037   Document 28   Filed 05/08/12   Page 4 of 5   PageID #: 800
EXHIBIT 1

Currently, it appears that the owner's complaints, to the extent legitimate, can be placed in four (4) categories:

1. Completion work.
2. Warranty work.
3. Maintenance, and
4. Deterioration.

STEP should only be responsible for completion and warranty work. On behalf of my client, Basil Skelton, one of the indemnitors on the project indemnity agreement with International Fidelity Insurance Company, I am hereby requesting that you meet with Basil Skelton and Jeff Wood, and if possible, also Andy Wood, who managed this project for two (2) years, and discuss what areas of the owner's complaints belong in one of the above four categories. As I am sure you are aware, the surety in this type situation has a duty to act in good faith and deal fairly with its principal and its indemnitors. This meeting needs to occur promptly as part of this obligation.

It is the firm position of STEP and one or more of the indemnitors that STEP was not in default, given the circumstances of this project. It is important that the surety consider this position thoroughly and carefully.

If the above meeting and discussion cannot be held soon, it appears likely that STEP and the indemnitors will need to take other action.

Sincerely yours,

LEWIS, KING, KRIEG & WALDROP, P.C.

R. Loy Waldrop, Jr.
lwaldrop@lewisking.com

RLW/lrd
Enclosure
cc: Basil Skelton (via e-mail)
    Jeff Wood (via e-mail)
    Andy Wood (via e-mail)
    Jimmy D. Holbrook, Jr., Esq. (via e-mail)
    Alex Kaplan, Esq. (via e-mail)
Doc. #24